# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

(1) JA'LEE FOREMAN, JR.,　　　　　　　　　)
(2) DANIEL HEDRICK,　　　　　　　　　　　)
(3) JOSEPH MITCHELL, and　　　　　　　　　)
(4) JOHN BASCO,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)　CASE NO.: CIV-21-1062-F
Plaintiffs,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
(1) OKLAHOMA COUNTY SHERIFF,　　　　　)
(2) OKLAHOMA COUNTY CRIMINAL　　　　)
　　JUSTICE AUTHORITY,　　　　　　　　　)
(3) BOARD OF COUNTY COMMISSIONERS　)
　　FOR OKLAHOMA COUNTY,　　　　　　　)
(4) CHRISTIAN CHARLES MILES,　　　　　　)
(5) GREGORY CORNELL BUTLER, JR.,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
Defendants.　　　　　　　　　　　　　　　　)

## **PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

**COME NOW**, the Plaintiffs, Ja'Lee Foreman, Jr., Daniel Hedrick, Joseph "Joey" Mitchell and John Basco and for their Response to the Court's Order to Show Cause as to their failure to timely effect service upon Defendants Miles, Butler, and the Oklahoma County Sheriff within the time prescribed by Federal Rule of Civil Procedure 4(m):

　　　1.　　Plaintiffs filed their Complaint on November 2, 2021. *See* Dkt. #1.

　　　2.　　The Court issued Summons on November 3, 2021. *See* Dkt. #2.

　　　3.　　On January 24, 2022, Plaintiffs effected service, of summons and the Complaint, upon Defendants Oklahoma County Criminal Justice Authority, Board of

1

County Commissioners for Oklahoma County and Oklahoma County Sheriff. *See* Dkt. ## 3 at 3 of 3, 4 at 3 of 3 and 8 at 2 of 2.

4. Thus, Defendants Oklahoma County Criminal Justice Authority, Board of County Commissioners and Oklahoma County Sheriff were all served within 90 days of the filing of the Complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.

5. On February 3, 2022, the Court entered an Order to Show Cause as to why Plaintiffs had not served Defendants Gregory Butler, Jr., Christian Charles Miles, or the Oklahoma County Sheriff. *See* Dkt. #5.

6. On February 4, 2022, Plaintiffs filed their proof that the Oklahoma County Sheriff was in fact served, via certified mail, on January 24, 2022. *See* Dkt. #8.

7. Unfortunately, Plaintiffs have had more difficultly effectuating service on the individual Defendants, Butler and Miles.

8. Nevertheless, on February 9, 2022, a process server retained by Plaintiffs personally served Defendant Butler. *See* Dkt. #9. Plaintiffs' previous process server thoroughly attempted to locate and serve Mr. Butler (as well as Mr. Miles), but was unable to do so. Plaintiffs' second process server indicated that it was extremely difficult to serve Mr. Butler. The process server stated that Mr. Butler has removed nearly all of his property from his name, and is living with his wife at his father-in-law's home.

9. According to the process server, Mr. Butler does still have a car tag in his name, but he had covered the license plate of his car, which was parked at his father-in-law's home. Further, local police had to be called to assist in the service by instructing Mr.

Butler's wife to come outside and accept service after it was confirmed that Mr. Butler did live there, but was allegedly at work in Tulsa at the time.

10. The second process server also indicated that he still has not located Defendant Miles, who also appears to be attempting to avoid service. The process server is continuing his search for Mr. Miles, however.

11. In light of the difficulty of locating Mr. Miles, Plaintiffs respectfully request that the Court extend the period of time within which to serve him.

12. Rule 4(m) provides that if a "plaintiff shows good cause for the failure [to serve a defendant], the court must extend the time for service for an appropriate period." Plaintiffs have diligently attempted to serve Mr. Miles via two process servers, the second of which was successful in serving Mr. Butler, despite Mr. Butler's apparent attempts to avoid service. Plaintiffs are confident that given "an appropriate period" of additional time, they will be able to locate and effect service on Mr. Miles.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court enter an Order extending the amount of time to effect service on Defendant Christian Charles Miles.

Respectfully submitted,

/s/Daniel E. Smolen
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701   Cincinnati Ave.

Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

-and-

CAMERON SPRADLING, OBA #8509
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Daniel E. Smolen