# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

(1) JA'LEE FOREMAN, JR.,  )
(2) DANIEL HEDRICK,  )
(3) JOSEPH MITCHELL, and  )
(4) JOHN BASCO,  )
　　)
　　Plaintiffs,  )
　　)
vs.  )　Case No.: CIV-21-1062-F
　　)
(1) OKLAHOMA COUNTY SHERIFF,  )
(2) OKLAHOMA COUNTY  )
　　CRIMINAL JUSTICE AUTHORITY,  )
(3) BOARD OF COUNTY  )
　　COMMISSIONERS FOR  )
　　OKLAHOMA COUNTY,  )
(4) CHRISTIAN CHARLES MILES, and  )
(5) GREGORY CORNELL BUTLER,  )
　　JR.,  )
　　)
　　Defendants.  )

## SPECIAL APPEARANCE AND MOTION TO DISMISS
## BY DEFENDANT OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY

Defendant, Oklahoma County Criminal Justice Authority ("OCCJA"), moves this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiffs' claims against OCCJA lack standing and cannot state a claim for relief because the alleged incidents in the Oklahoma County Detention Center (the "Detention Center") upon which Plaintiffs' claims are based occurred more than six months before OCCJA began operating the Detention Center. In support of its Motion, OCCJA informs the Court as follows:

{S598955;}　　　　　　　　　　　　　1

## BACKGROUND

1.      Plaintiffs Ja'Lee Foreman, Jr. ("Plaintiff Foreman"), Daniel Hedrick ("Plaintiff Hedrick"), Joseph Mitchell ("Plaintiff Mitchell"), and John Basco ("Plaintiff Basco") filed this action asserting claims under 42 U.S.C. § 1983 based on alleged events at the Detention Center which Plaintiffs claim occurred in November and December of 2019 (the "2019 Incidents"). (*See* Complaint [Dkt. 1] at ¶¶ 14, 16, 27, 29, 38, 40, 48, 50).

2.      Specifically, Plaintiff Foreman alleges an incident occurred on November 2, 2019. (Complaint [Dkt. 1] at ¶¶ 14, 16). Plaintiff Hedrick alleges an incident occurred on November 23, 2019. (Complaint [Dkt. 1] at ¶¶ 27, 29). Plaintiff Mitchell alleges an incident occurred on November 30, 2019. (Complaint [Dkt. 1] at ¶¶ 38, 40). Plaintiff Basco alleges an incident occurred on December 7, 2019. (Complaint [Dkt. 1] at ¶¶ 48, 50).

3.      The Complaint does not allege any incident which occurred after December 7, 2019. (*See generally* Complaint [Dkt. 1]).

4.      The Complaint acknowledges "the Oklahoma County Sheriff was to continue operating the Jail until such time as the OCCJA and Oklahoma County had entered into a lease agreement and/or funding agreement(s) that specifically provided for the OCCJA to commence responsibility for management and operation of the Jail." Accordingly, OCCJA did not take over responsibility for management and operation of the Jail until at least **six months after** the last incident alleged in the Complaint, on July 1, 2020. (*See* Complaint [Dkt. 1] at ¶ 6; Oklahoma County Board of County Commissioners Meeting Minutes at 7,

item 25 (June 1, 2020)[1] (approving the lease agreement between the Board of County Commissioners and Oklahoma County Criminal Justice Authority for a period starting on **July 1, 2020**).

### ARGUMENT AND AUTHORITIES

Nothing in Plaintiffs' Complaint sufficiently traces or connects OCCJA to the 2019 Incidents because it facially admits OCCJA had no responsibility for the management and operation of the Detention Center prior to or at the time the 2019 Incidents occurred. Plaintiffs' claims fail for lack of standing and failure to state a claim against OCCJA and must be dismissed with prejudice.

**I.    Plaintiffs' claims against OCCJA lack standing because Plaintiffs' alleged injury is not fairly traceable to OCCJA.**

The "irreducible constitutional minimum" of standing consists of three elements. Plaintiff must have: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016). Standing must be determined at the commencement of the lawsuit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 n. 5 (1992). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id*. (citing *Warth*

---

[1] *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment . . . This allows the court to 'take judicial notice of its own files and records, as well as facts which are a matter of public record.'"). The June 1, 2020 Meeting Minutes are publicly available at:
https://oklahomacounty.legistar.com/View.ashx?M=M&ID=790563&GUID=ABBE9224-99AF-4E18-928E-9DBFE09E4CC0

{S598955;}                                             3

*v. Seldin*, 422 U.S. 490, 518 (1975); *Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements."). "[T]o show that an injury is 'fairly traceable' to the challenged conduct, a plaintiff must allege 'a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, New Mexico*, 993 F.3d 802, 814 (10th Cir. 2021).

Plaintiffs cannot demonstrate any casual link between the 2019 Incidents and OCCJA. The Complaint recognizes OCCJA did not have responsibility for the management and operation of the Detention Center when the 2019 Incidents occurred or any time before then. (*See* Complaint [Dkt. 1] at ¶ 6). There is no connection between the 2019 Incidents and any conduct, act, or omission of OCCJA. For these reasons, the 2019 Incidents cannot fairly be traced to any action or inaction of OCCJA, and this action must be dismissed as to OCCJA for lack of standing.

**II.     Plaintiffs cannot state a claim for relief against OCCJA because Plaintiffs cannot plausibly plead causation.**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' causes of action against OCCJA are premised on 42 U.S.C. § 1983, which requires causation for municipal liability. The Tenth Circuit stated in *Schneider v. City of Grand Junction Police Dep't*:

> The plaintiff therefore must show an "affirmative link" between the supervisor and the constitutional violation. This notion is embodied in the three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation, and (3) state of mind.

717 F.3d 760, 767 (10th Cir. 2013); *see also Furber v. Taylor*, 685 Fed. Appx. 674, 678, 2017 WL 1404160, *3 (10th Cir. 2017) ("Section 1983 imposes liability on anyone who *causes* a constitutional deprivation while acting under color of state law.") (Emphasis in original.)

The 2019 Incidents upon which Plaintiffs' § 1983 claims are based occurred more than six months before OCCJA took responsibility for the operation and management of the Detention Center. Plaintiffs cannot demonstrate any causal connection between their alleged injuries and OCCJA, making any amendment futile. Accordingly, Plaintiffs' Complaint should be dismissed with prejudice as to OCCJA. *Jones v. Bowers*, 737 Fed. Appx. 846, 848 (10th Cir. 2018) (quoting *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("'dismissal under [Fed. R. Civ. P.] 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing her an opportunity to amend her complaint would be futile.' When this standard is met, the district court is not required to grant leave to amend.")

## CONCLUSION

For the reasons articulated above, Defendant OCCJA respectfully prays that this Court dismiss Plaintiffs' Complaint with prejudice with respect to OCCJA only.

Dated February 14, 2022.

Respectfully Submitted,

*/s/ Brennan T. Barger*
Paula M Williams, OBA No. 30772
Brennan T. Barger, OBA No. 34292
**GABLEGOTWALS**
BOK Park Plaza
499 W. Sheridan Ave, Ste. 2200
Oklahoma City, Oklahoma 73102
(t) 405.235.5500 | (f) 405.235.2875
PWilliams@Gablelaw.com
BBarger@Gablelaw.com

*Attorneys for Defendant,
Oklahoma County Criminal Justice Authority*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 14, 2022, I electronically transmitted the attached document to the Clerk of the Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those ECF registrants on file with the Court Clerk.

                                                */s/ Brennan T. Barger*
                                                Brennan T. Barger