# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JA'LEE FOREMAN, JR., DANIEL HEDRICK, JOSEPH MITCHELL, and JOHN BASCO,<br><br>Plaintiffs,<br><br>-vs-<br><br>OKLAHOMA COUNTY SHERIFF, OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, CHRISTIAN CHARLES MILES, and GREGORY CORNELL BUTLER, JR.,<br><br>Defendants. | Case No. CIV-21-1062-F |

## ORDER

On March 8, 2022, the court entered an order (doc. no. 24) sua sponte granting plaintiffs an extension of time until March 15, 2022 to file a response to the Motion to Dismiss filed by defendant, Oklahoma County Criminal Justice Authority. No response has been filed.

As it appears from the complaint that plaintiffs' 42 U.S.C. § 1983 claims are based upon incidents that occurred more than six months before defendant, Oklahoma County Criminal Justice Authority, took responsibility for the operation and management of the Oklahoma County Detention Center, the court concludes plaintiffs have not sufficiently alleged that their alleged injury is "fairly traceable" to defendant's acts. There must be a "substantial likelihood that the defendant's

conduct caused plaintiff[s'] injury in fact." *See*, Habecker v. Town of Estes Park, Colo., 518 F.3d 1217, 1225 (10th Cir. 2008) (quotation marks and citation omitted). Therefore, the court concludes that plaintiffs have no standing to pursue their § 1983 claims against defendant.

Accordingly, the Motion to Dismiss by Defendant Oklahoma County Criminal Justice Authority (doc. no. 15) is **GRANTED**. Plaintiffs' complaint and action against defendant, Oklahoma County Criminal Justice Authority, is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1), Fed. R. Civ. P., for lack of standing.

IT IS SO ORDERED this 16th day of March, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1062p006.docx