**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)  JA'LEE FOREMAN, JR., | ) | |
| (2)  DANIEL HEDRICK, | ) | |
| (3)  JOSEPH MITCHELL, and | ) | |
| (4)  JOHN BASCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-1062-F |
| | ) | |
| (1)  OKLAHOMA COUNTY SHERIFF, | ) | |
| (2)  OKLAHOMA COUNTY CRIMINAL | ) | |
| JUSTICE AUTHORITY, | ) | |
| (3)  BOARD OF COUNTY | ) | |
| COMMISSIONERS, FOR | ) | |
| OKLAHOMA COUNTY, | ) | |
| (4)  CHRISTIAN CHARLES MILES, | ) | |
| (5)  GREGORY CORNELL BUTLER, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS GREGORY BUTLER AND CHRISTIAN MILES'
MOTION TO STAY CIVIL PROCEEDINGS AND TIME TO FILE
RESPONSIVE PLEADINGS AND DEFENDANT MILES' MOTION TO FILE
RESPONSIVE PLEADING OUT OF TIME AND BRIEFS IN SUPPORT**

Defendants Gregory Butler, Jr. ("Defendant Butler") and Christian Miles
(collectively "Defendants" or "Individual Defendants"), in the interest of justice and to
protect both their Fifth Amendment privileges against self-incrimination and the ability to
defend themselves in this matter, hereby move for a stay of proceedings pending the
resolution of the criminal proceedings which are currently pending against them and which
stem from the same underlying facts which are the subject of this suit. Further, Defendant
Christian Miles ("Defendant Miles") hereby moves this Court for leave to file a responsive
pleading out of time and Defendant Butler moves this Court to stay his time to file a

responsive pleading pending a ruling on the request to stay the civil proceedings in this case as a whole and on the underlying criminal case discussed herein.

## STATEMENT OF FACTS

This case arises out of alleged incidents at the Oklahoma County Detention Center in November and December of 2019 while Plaintiffs were inmates at the detention center. Plaintiff filed suit on November 2, 2021. [Dkt. 1]. Defendant Miles was served with process on January 26, 2022. [Dkt. 11]. Defendant Miles' Answer or other responsive pleading was originally due on February 16, 2022. Defendant Miles is a long haul trucker who is frequently gone from his place of residence for months at a time. Through inadvertence an Answer or responsive pleading was not filed by Defendant Miles. The undersigned's firm was only recently retained on March 24, 2022 to represent the Individual Defendants.

Defendant Butler was served with summons on February 9, 2022. *See* [Dkt. 9]. A responsive pleading was originally due from Defendant Butler on March 2, 2022. A Motion for Extension of Time to file a responsive pleading was filed by Defendant Butler's criminal defense counsel on March 1, 2022. This Motion was granted on March 1, 2022 as well. *See* [Dkt. 22]. Defendant Butler's current deadline to file a responsive pleading to Plaintiffs' Complaint is March 28, 2022.

Plaintiffs' lawsuit asserts claims against the Individual Defendants for violation of their federal constitutional rights under 42 U.S.C. § 1983. On October 5, 2020, the Oklahoma County District Attorney's Office, on behalf of the State of Oklahoma, filed criminal Informations against the Individual Defendants and Christopher Hendershott in Oklahoma County Case No. CM-2020-3083, charging Defendant Butler with four (4)

2

misdemeanor counts of Cruelty to a Prisoner and Defendant Miles with four (4) misdemeanor counts of Cruelty to a Prisoner all in relation to the alleged incidents which are the subject of this suit. (Ex. 1, Docket Sheet, Oklahoma County Case No. CM-2020-3083). The criminal proceedings remain pending at this time against the Individual Defendants and they are currently set for jury trial on August 29, 2022. *Id.*

## ARGUMENT AND AUTHORITY

### I. Fifth Amendment Rights Versus an Ability to Defend This Matter

Serious liberty and livelihood interests are in the balance and implicated by the parallel civil and criminal proceedings against Defendants. Defendants requests this Court impose a stay so that their Fifth Amendment rights and the integrity of all proceedings, civil and criminal, are preserved. Given the sizable overlap between the criminal information in the criminal case and these civil proceedings, a complete stay of civil proceedings is warranted.

It is axiomatic that Defendants' Fifth Amendment rights are important to our system of justice. *U.S. v. Rivas-Macias*, 537 F.3d 1271, 1277 (10th Cir. (NM) 2008) explains:

> [A]n individual's privilege against self-incrimination, rooted in our society's 'traditional respect for the individual'… serves to ensure the continued vitality of our accusatorial system of justice… The privilege safeguards against the recurrence of the evils associated with the Inquisition and the Star Chamber…by ensuring the **Government produces evidence** sufficient to convict an individual **through the 'independent labor of its officers**,' rather than the 'simple cruel expedient of forcing' incriminating information from that individual's own lips.

(internal citations omitted, emphasis added). The concerns underlying the Fifth Amendment privilege are especially implicated here, where Defendants are facing criminal charges

based on the very same incidents underlying this civil case and on which many areas of discovery will be conducted.

Due to the important interests protected, the standard required to invoke the Fifth Amendment is not onerous for a party. *Rivas-Macias* provides:

> For the privilege to apply, an individual must face 'some authentic danger' of self-incrimination…The Supreme Court has 'broadly construed' the protection afforded by the Fifth Amendment privilege….As a result, the constitutional guarantee against testimonial compulsion extends not only to 'answers that would in themselves support a conviction,' but also to information that would 'furnish a link in the chain of evidence that could lead to prosecution.'….
>
> **Not much is required**, therefore, to show an individual faces some authentic danger of self-incrimination…as the privilege 'extends to admissions that may only tend to incriminate.'…[W]e will uphold an individual's invocation of the privilege against self-incrimination **unless it is 'perfectly clear, from a careful consideration of all the circumstances in the case,'** that the witness 'is mistaken' and his answers **could not 'possibly** have' a 'tendency to incriminate'.

*Id*. (emphasis added, internal citations omitted, quoting, *inter alia*, *Emspak v. United States*, 349 U.S. 190, 197 (1955)). *See also US v. Hart*, 729 F.2d 662 (10th Cir. (UT) 1984); *Reinhardt v. Kopcow*, 66 F.Supp.3d 1348, 1356 (D. CO 2014) ("[W]hen a witness can demonstrate any possibility of prosecution which is **more than fanciful** he has demonstrated a **reasonable fear of prosecution** sufficient to meet constitutional muster"' which triggers his right against self-incrimination.")(emphasis added, citing, *inter alia*, *In re Folding Carton Antitrust Lit.*, 609 F.2d 867, 871 (7th Cir.1979)). Given the circumstances, it is plain Defendants are entitled to assert their Fifth Amendment privileges with an ongoing criminal proceeding against them.

Defendants are placed in a legal dilemma between the ongoing criminal proceedings

and testifying and providing discovery to defend the claims against them in this civil case. To avoid compromising the separate nature of both proceedings, a stay as requested is proper.

## II. A Stay is Necessary to Accomplish Justice and Ensure Integrity and Separation in the Parallel Proceedings

It is well established that courts have inherent discretion to stay civil proceedings in order to avoid prejudicing a party's constitutional rights. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *Mid-America Process Service v. Ellison*, 767 F.2d 684, 687 (10th Cir. (OK) 1985)("The propriety of postponement is a matter for the exercise of the trial court's discretion.'). *Creative Consumer* states:

> A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent **either party from taking advantage of broader civil discovery rights** or to **prevent the exposure of the criminal defense strategy** to the prosecution.

563 F.3d at 1080-81 (emphasis added). Given the inherent conflict between broad civil discovery and restrictive criminal prosecutions, a stay of civil proceedings is often the most efficient means to promote comity between civil and criminal courts and avoid prejudicing constitutionally protected rights.

Accordingly, in federal practice it has long been held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until some resolution of the criminal matter. *Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc.*, 14 F.R.D. 333 (E.D.Pa. 1953); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D.Pa.1980); *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir.

1995), *cert. denied*, U.S., 116 S.Ct. 94(1995); *State Farm Mut. Automobile Ins. Co. v. Beckham-Easley*, 2002 WL 31111766 (Sept. 18, 2002 E.D.Pa); *Walsh Securities, Inc. v. Cristo*, 7 F. Supp. 2d 523, 526- 27 (D.N.J. 1998).

To determine whether a stay is appropriate, the Court must consider the extent to which civil discovery will affect the Defendants' Fifth Amendment rights. *Creative Consumer Concepts*, 563 F.3d at 1080. Other considerations include the overlap between the two cases, the public's interest, judicial economy and the effect of the stay on the plaintiff's interests. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995).

A stay is warranted in this case for a number of reasons. It would protect Defendants' constitutional rights; ensure that their responses to discovery in the civil action are not imported into the criminal action in violation of their rights under the Fifth Amendment; maintain proper separation between proceedings that have little separation in topic; ensure the government makes a decision on any criminal charges based upon its own investigation; simplify a complex discovery situation; and save resources that would be spent on attempting to navigate a complicated, precarious situation which could be avoided in a simple manner. All this would be accomplished by a stay that would have a minimal effect on Plaintiffs' interests.

This Court has discretion to assess the entirety of the situation. Although courts are free to engage in their own fact-laden analyses as they see fit, *In re CFS–Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1236-37 (N.D. OK 2003) prescribes a six-part test ("*CFS* test") to apply to a request for a stay, stating as follows:

In determining whether a stay should be entered, several courts have

employed a six-factor test in which they weigh:

1) The extent to which issues in the criminal case overlap with those presented in the civil case;

2) The status of the case, including whether the defendant has been indicted;

3) The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay;

4) The private interests of, and burden on, the defendant;

5) The interests of the Court; and

6) The public's interest.

(citing, *inter alia*, *In re Worldcom*, 2002 WL 31729501, at *3–4 and *Trustees of the Plumbers and Pipefitters v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995)). *CFS* provides, "'[t]he first question to be resolved is the extent to which the issues in the criminal case overlap with those present in the civil case, since self-incrimination is more likely if there is a significant overlap.'" (quoting *In re Worldcom*, 2002 WL 31729501, at *4).

## 1. The Parallel Proceedings on the Same Incidents Jeopardize Defendants' Fifth Amendment Rights Against Self-Incrimination

A close relationship between civil and criminal proceedings is not only the first, under the *CFS* test, but also the most significant factor in determining whether civil proceedings should be stayed in light of criminal proceedings. *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.* 7 F.Supp.2d 523, 527 (D.N.J. 1998). The strongest case for a stay is when, as is the case here, the civil and criminal actions stem from identical events. *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C.Cir.1980) Courts have often

exercised their inherent authority to grant stays when a criminal proceeding is predicated on the same incident as the civil case. *Afro-Lecon*, 820 F.2d at 1204-1205 provides:

> [I]t has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts is warming up or under way… The court in [*Peden v. United States*, 512 F.2d 1099 (Ct.Cl.1975)] suggested that [P]ostponement of civil proceedings is desirable not only for fifth amendment reasons, but also for the **protection of the integrity of two separate processes**:
>
>> The "freeze" we think is not for the protection of the employee only, but also rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.
>
> *See also United States v. LaSalle National Bank*, 437 U.S. 298, 312, 98 S.Ct. 2357, 2365, 57 L.Ed.2d 221 (1978) (noting the policy interest against broadening the Justice Department's right of criminal discovery and against infringing on the role of the grand jury as the principal tool of criminal accusation).

(emphasis added). *See also Doe v. City of Chicago*, 360 F.Supp.2d 880 (N.D. Ill. 2005)(Stay granted where officer criminally charged with sexual assault and official misconduct arising out of same incident as alleged in the civil suit); *Walsh Securities*, 7 F. Supp. 2d at 526- 27 (Stay where both civil action alleging fraudulent real estate transactions and government criminal investigation into same transactions ongoing at same time). Where the two separate civil and criminal processes center on the same incidents, the nature of both proceedings will not merely overlap but essentially plow the same ground.

Here, both this civil suit and the criminal proceedings against the Defendants are inextricably intertwined. If this suit is allowed to proceed against Defendants at the same time as the criminal proceedings, it would clearly impinge upon Defendants' Fifth Amendment rights by forcing them to choose between waiving Fifth Amendment rights to

defend themselves in this suit or "asserting the privilege and probably losing the civil case." *Walsh Sec., Inc.*, 7 F.Supp.2d at 528. We know that "reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits." *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). In *In re CFS-Related Securities*, 256 F. Supp. 2d at 1240, the court recognized that some courts acknowledge this "Hobbesian dilemma," and noted that "defendants' interest in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case" trumped plaintiffs' interest in the expeditious resolution of their case." (internal citations omitted).

These parallel proceedings prejudice Defendants by placing them in the precarious situation of having to forego their rights against self-incrimination under the United States Constitution in order to meaningfully participate in the defense of this civil litigation. This situation could be simply avoided by the issuance of a stay of this matter.

## 2. The Status of the Criminal Proceedings Warrant a Stay

As discussed above, on October 5, 2020, the Oklahoma County District Attorney's Office, on behalf of the State of Oklahoma, filed criminal Informations against the Individual Defendants and Christopher Hendershott in Oklahoma County Case No. CM-2020-3083, charging Defendant Butler with four (4) misdemeanor counts of Cruelty to a Prisoner and Defendant Miles with four (4) misdemeanor counts of Cruelty to a Prisoner all in relation to the alleged incidents which are the subject of this suit. (Ex. 1, Docket Sheet, Oklahoma County Case No. CM-2020-3083). The criminal proceedings remain pending at this time against the Individual Defendants and they are currently set for jury trial on August

29, 2022.

The criminal proceedings against Defendants are at a critical stage and this militates for the granting of a stay in this case. Proceeding with this will heavily prejudice the Defendants. Indeed, this is not a situation where Defendants are attempting to prove that there is "some authentic danger" of self-incrimination which might "furnish a link in the chain of evidence that could lead to prosecution." *Rivas-Macias* 537 F.3d at 1277 (10th Cir. (NM) 2008). These Defendants have been charged in connection with the very same incidents underlying this civil case and are quickly approaching a jury trial. As discussed above, the parallel nature of the civil and criminal proceedings against Defendants weigh heavily in favor of the issuance of a stay of this matter.

### 3. Plaintiffs Will Not Suffer Prejudice

No Scheduling Order has been entered in this case and no discovery has been conducted.  In short, imposing a stay of proceedings at this time does not prejudice the Plaintiffs.

### 4.  Defendants' Interests and Potentially Severe and Irrevocable Prejudice Outweigh Any Interruption in the Case

The very minimal effect on Plaintiffs' interests is certainly outweighed by the great and concrete prejudice which would inure to Defendants should this stay be denied. If they are compelled to participate in civil discovery, several things would result, all of which would make it more likely that they would lose the civil case and that the criminal proceedings would become tainted. *In re CFS-Related Securities*, 256 F. Supp. 2d at 1240, states, "[D]efendants' interest in avoiding the quandary of choosing between waiving their

Fifth Amendment rights or **effectively forfeiting** the civil case trumped plaintiffs' interest in the expeditious resolution of their case." (internal citations omitted, emphasis added).

A stay of these proceedings would also prevent Defendants from essentially being penalized for exercising their Fifth Amendment rights and by extension "effectively forfeiting the civil case" simply due to the happenstance of timing. Plaintiffs should be prevented from seizing on the fortuity of timing, with the pending proceedings and Defendants' obvious liberty interests. A stay at this juncture would ensure justice and prevent an advantage gained via timing and at the expense of Defendants' ability to defend themselves. *Harrigan & Sons v. Enterprise Animal Oil*, 14 F.R.D. 333 (E.D. PA 1953) states:

> Rule 30(b) by express provision authorizes the court to make **any order which justice requires to protect a party** or witness from annoyance, embarrassment or oppression. Under the peculiar circumstances of this case, it appears to the Court that the interests of justice require the application of the principle enunciated in Rule 30(b) and discovery, insofar as it relates to the indicted defendants, will be postponed until the termination of the criminal action. While this will, undoubtedly, cause inconvenience and delay to the plaintiff, **protection of the defendants' constitutional rights is the more important consideration**.

(emphasis added). Here, justice requires a stay of this case pending resolution of the criminal proceedings against the Defendants. Defendants face risks to their future livelihood and liberty interests, while Plaintiffs' relate primarily to a temporary and minimal delay in this matter.

### 5. The Court Has an Interest in Ensuring the Integrity of the Proceedings

Many courts have noted the danger of parallel proceedings of a criminal and civil nature. *See supra*. This danger is especially heightened when the same witnesses are

11

involved, and the criminal proceedings will have a huge impact on a civil defendant's future, not just his or her civil liability. Such is the case with Defendants here. Under these circumstances, this Court should enter a stay out of an abundance of caution so that the two proceedings are rightfully separate, and so that Defendants' future is not compromised by an improper spill-over of information, whether intentional or merely incidental.

The court in *Afro-Lecon, Inc. v. US*, 820 F.2d 1198 (Fed. Cir. 1987) articulated some specific improprieties that can occur with ongoing dual proceedings, especially when such proceedings share the same subject and geographic area. *Afro-Lecon* states:

> The **broad scope of civil discovery** may present to both the prosecution, and at times the criminal defendant, an **irresistible temptation to use that discovery to one's advantage** in the criminal case. Such unconstitutional uses may begin with the **surreptitious planting** of criminal investigators in civil depositions, as in the case at bar, and end with **passive abuses**, such as when the civil party, who asserts fifth amendment rights, is **compelled to refuse to answer questions individually**, revealing his weak points to the criminal prosecutor. **This point-by-point review of the civil case may lead to a "link in the chain of evidence"** that unconstitutionally contributes to the defendant's conviction.

*Id.* at 1203 (emphasis added, citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951)). Whether the information obtained via civil discovery is intentionally directed into the state matters or permeates them indirectly, the resulting prejudice to Defendants' rights and future is the same. Given the interests involved, irrevocable harm likely would result from cross-mingling of information.

This Court should act to safeguard the integrity of the state and federal proceedings so that Defendants' constitutional rights, including liberty interests, will not be jeopardized by ongoing, broad discovery in this matter. The Court has an important interest in protecting

the integrity of both proceedings. Courts have been realistic and mindful of the practical concerns that attend dual proceedings. *Afro-Lecon* provides: "Although this consideration of judicial administration was not raised by counsel, **the court has an independent obligation to consider the potential for interference** in these circumstances." *Id*. at 1204 (emphasis added). The potential for interference in either of the two ongoing matters is great. The Court should grant a stay given this fact.

### 6. The Public Interest Does Not Oppose a Stay

The public interest does not militate for a denial of a stay. Nothing will be lost or permanently altered by a stay of this civil action. On the other hand, the public interest in preserving the integrity of criminal proceedings and thus the liberty interests of those subject to them is great. Any attempt to argue that the public interest opposes a stay would likely be a conflation of Plaintiffs' interest with that of the public at large.

### III. A Stay of the Deadline to File a Responsive Pleading is Necessary

A stay of Defendants time to file a responsive pleading is also necessary to ensure the integrity and separation of the civil and criminal proceedings, to protect their Fifth Amendment Rights, and to afford them a fair opportunity to defend this case. As discussed above, the claims in the present case are based upon the same alleged transactions and occurrences at issue in the criminal case against Defendants. To prepare their Answers, Defendants will be required to either "admit" or "deny" certain allegations, which will necessarily impact their rights and privileges under the Fifth Amendment to the U.S. Constitution. *See supra.* Defendant Miles has requested leave to file a responsive pleading out of time, if granted, he would request the Court stay his time to file a responsive pleading

for the same reasons discussed above.

Pursuant to the reasons discussed above Defendants requests that the deadline for them to file a responsive pleading be stayed pending a ruling on their request to stay the civil proceedings as a whole and on the underlying criminal case discussed herein.

## CONCLUSION

Defendants will certainly face extreme prejudice should they be placed, simply due to timing, in the perilous "Hobbesian" dilemma discussed above. As Plaintiffs will not suffer any weighty prejudice or irreparable harm and as Defendants most certainly will, the Court should exercise its inherent discretion to stay these proceedings pending the outcome of the resolution of the parallel criminal proceedings against the Defendants. Plaintiffs' counsel indicates that Plaintiffs are opposed to granting a stay in this case as a whole. Counsel for Defendants attempted to contact Plaintiffs' counsel regarding a stay in Defendants' stay of time to file a responsive pleading but was unable to reach them. It is presumed Plaintiffs' counsel is opposed to this request as well. Counsel for Defendants Oklahoma County Sheriff and Board of County Commissioners for Oklahoma County are unopposed to either request.

Counsel for Defendants has conferred with Plaintiffs' counsel and counsel for Defendants Oklahoma County Sheriff and Board of County Commissioners for Oklahoma County; neither have any objection to Defendant Miles being allowed to file a responsive pleading out of time. No Scheduling Order is in effect and no other deadlines will be affected by the granting of Defendant Miles request to file a responsive pleading out of time.

WHEREFORE, in the interests of justice, Defendants Gregory Butler, Jr. and

Christian Miles, respectfully request this Court grant their Motion to Stay Civil Proceedings,

Defendant Christian Miles requests this Court grant him leave to file a responsive pleading

out of time, Defendants further request that the deadline for them to file a responsive

pleading be stayed pending a ruling on his request to stay the civil proceedings as a whole

and on the underlying criminal case discussed herein, and any such further relief as this

Court deems just and proper.

Respectfully submitted,

s/ W.R. Moon, Jr.
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
W.R. Moon, Jr., OBA NO. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone:    (405) 524-2070
Facsimile:     (405) 524-2078
Email: cjc@czwlaw.com
              wbp@czwlaw.com
              wrm@czwlaw.com

*Attorneys for Defendants*
*Christian Miles and Gregory Butler, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically transmitted the attached
document to the Clerk of Court using the ECF System for filing.

Daniel E. Smolen
Robert M. Blakemore
Bryon D. Helm
Smolen & Roytman
701 Cincinnati Ave.

15

Tulsa, Oklahoma 74119
Email: danielsmolen@ssrok.com
        bobblakemore@ssrok.com
        bryonhelm@ssrok.com


        -and-

Cameron Spradling
500 North Walker Ave., Suite 140
Oklahoma City, Oklahoma 73102
Email: Cameron@CameronSpradling.com

***ATTORNEY FOR PLAINTIFF***

Randall J. Wood
Robert S. Lafferrandre
Jeffrey Hendrickson
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Email: rlafferrandre@piercecouch.com
        rwood@piercecouch.com
        jhendrickson@piercecouch.com

***ATTORNEYS FOR DEFENDANTS***
***Oklahoma County Sheriff, Board of County***
***Commissioners for Oklahoma County***


Lance B. Phillips
7 Mickey Mantel Dr., Suite 377
Oklahoma City, Oklahoma 73104
Email: lancebp2000@yahoo.com

***ATTORNEY FOR DEFENDANT***
***Gregory Cornell Butler, Jr.***


                                s/ W.R. Moon Jr.
                                W.R. Moon Jr.


16