# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JA'LEE FOREMAN, JR., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-21-1062-F |
| ) | |
| OKLAHOMA COUNTY SHERIFF, *et al.* ) | |
| ) | |
| Defendants. ) | |

## REPLY BRIEF IN SUPPORT OF JOINT MOTION TO DISMISS OF DEFENDANTS BOARD OF COUNTY COMMISSIONERS AND OKLAHOMA COUNTY SHERIFF TOMMIE JOHNSON, III

Randall J. Wood, OBA #10531
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rwood@piercecouch.com
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com
*Attorneys for Defendants Oklahoma County Sheriff, Board of County Commissioners for Oklahoma County*

Defendants Board of County Commissioners for Oklahoma County ("Board") and Oklahoma County Sheriff Tommie Johnson, III in his official capacity ("Sheriff's Office") hereby submit the following reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss (Doc. 31), and in support of the Motion to Dismiss of Defendants Board and Sheriff's Office (Doc. 23).

## I. CLAIMS OF MUNICIPAL LIABILITY REQUIRE AND DEMAND MORE THAN MINIMAL FACTUAL ALLEGATIONS

Plaintiffs spend a substantial amount of their Response Brief arguing that they are not required to plead specific facts regarding their municipal liability claims. Notably, not a single authority cited by Plaintiffs are from this Court, and indeed several authorities come from outside of this circuit. Regardless, these authorities do not stand for the proposition that Plaintiffs can escape dismissal by providing a bare minimum of allegations regarding their municipal liability claims.

As stated in Defendants' Motion, claims against a municipality for violations of constitutional rights are at their **most tenuous** when they turn on a failure to train (or supervise).[1] *Connick v. Thompson*, 563 U.S. 51, 61 (2011). With this in mind, it cannot be said that Plaintiffs can provide vague or conclusory allegation and survive dismissal. Plaintiffs' municipal liability claims must satisfy a stringent standard that requires a showing of patterns or practices that would provide sufficient notice to the municipality of a policy deficiency. *Waller v. City & County of Denver*, 932 F.3d 1277, 1285 (10th Cir.

---

[1] Failure to supervise and failure to train are treated the same in the Tenth Circuit. *Whitewater v. Goss*, 192 F. App'x 794, 797 (10th Cir. 2006).

2019); see also *Johnson v. Davis Cty.*, 21-4030, 2022 WL 830202, at *4 (10th Cir. Mar. 21, 2022); *Gardiner v. McBryde*, 15-3151-DDC-JPO, 2020 WL 42272, at *7 (D. Kan. Jan. 3, 2020).

Plaintiffs argue they are not required to allege specific facts that prove the existence of a policy when they do not have access to such information before discovery, citing to, *inter alia*, *Gooding v. Ketcher*, 838 F. Supp. 2d 1231 (N.D. Okla. 2012). In *Gooding*, plaintiff alleged the subject training was deficient because it failed to properly update officers on the state of the law expressed in certain Supreme Court opinions, which was closely related to the alleged injury. *Id.* at 1239-40. The *Gooding* Court accepted that level of specificity. Here, on the other hand, Plaintiffs' Complaint simply alleges the Sheriff's Office knew or should have known its employees were inadequately supervised or trained. This is the type of threadbare, conclusory allegation that is routinely dismissed for failure to state a claim. While Plaintiffs need not *prove* the existence of a policy, their "complaint must contain *sufficient* factual matter…that allows the court to draw the reasonable inference that the defendant is liable…." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (emphasis added). In this respect, Plaintiffs' Complaint falls woefully short.

**II.   THE BOARD IS ENTITLED TO DISMISSAL AS THE SHERIFF'S OFFICE IS BETTER SUITED TO REPRESENT THE COUNTY UNDER THE FACTS OF THIS CASE**

Plaintiffs' Response fails to make any coherent argument for why the Board should remain as a defendant. Plaintiffs merely state that the Board was named out of "an abundance of caution," and should not be dismissed at "this early stage in the proceedings."

(Doc. 31, pp. 5-6.) Without more, these are wholly insufficient reasons to allow a case to proceed against the Board as a defendant.

As it were, Plaintiffs' own cited authority supports dismissal of the Board. See *Banks v. Moore*, 20-CV-0311-CVE-JFJ, 2020 WL 6219791 (N.D. Okla. Oct. 22, 2020). In *Banks*, the Board of County Commissioners for Delaware County was dismissed as a duplicative defendant in light of the claims brought against the Sheriff of Delaware County in his official capacity. *Id*., at *3. The municipal liability theory in *Banks* was premised on a claim of failure to train detention officers regarding permissible use of force against inmates.

The Court in *Banks* noted the disagreement among Oklahoma federal courts as to whether a board of county commissioners is subject to liability for the operation of a county jail. Indeed, the opinion acknowledged every authority offered by Plaintiffs to support keeping the Board in the case. Yet, the Court still dismissed the Board, reasoning that:

> The Court find that it is not necessary to determine whether the Board can be sued for an alleged policy or custom harming inmates at the county jail, because **plaintiffs have named two defendants that are both treated as Delaware County for the purpose of plaintiffs' § 1983 claim**. Plaintiffs have named Moore, the Sheriff of Delaware County, as a defendant in his official capacity, and this is treated as a claim against the county. Plaintiffs' claim against the Board is simply another way to sue the county, but plaintiffs do not allege a separate basis for liability against the Board…. In fact, **the statute authorizes the trial court to substitute a county official in his official capacity "for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case."**

*Id*., at *3 (internal citations omitted) (emphasis added). Defendants have advanced the same argument here. Under the facts of this case, the Sheriff's Office is the appropriate municipal

3

defendant, as all the allegations are centered on the operations of the Oklahoma County jail. Thus, the Board is entirely duplicative and entitled to dismissal.

## III. PLAINTIFFS FAILED TO SUFFICIENTLY IDENTIFY A POLICY OR CUSTOM FOR PURPOSES OF MUNICIPAL LIABILITY

Despite reiterating, *ad nauseum*, the allegations from the Complaint, Plaintiffs still fail to identify a policy or custom to support their municipal liability claims. The generalities provided by Plaintiffs do not rise to a level of a policy or custom sufficient to survive the motion to dismiss. As stated, municipal liability may be imposed through identification of a widespread practice that is so permanent and well-settled as to constitute a policy or custom with the force of law. *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010). In order to do so, a plaintiff must demonstrate a longstanding policy or custom that has essentially become a standard operating procedure. *Murphy v. City of Tulsa*, 950 F.3d 641, 649 (10th Cir. 2019), (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 485–87 (1986)).

Plaintiffs argue that they have identified a policy or custom based on allegations regarding a "pattern of open, obvious, and unabated tortious conduct by Officers Miles and Butler and Lt. Hendershott." (Doc. 31, p. 11). Plaintiffs have made clear that the complained-of practices are based on the isolated actions by three individual officers during a limited period of time. But limited actions of three individuals simply cannot be considered a widespread practice to establish the existence of a policy or custom for purposes of municipal liability. Plaintiffs also argue they have "clearly alleged a series of similar abuse…involving 'benches, bars, and attorney booths as a means to discipline

4

inmates.'" (Doc. 31, p. 13). These instances of alleged abuse involving "benches, bars, and attorney booths" are specific to the named Plaintiffs herein. In other words, these are allegations relevant to this lawsuit. Plaintiffs have entirely failed to identify *any other* similar instances regarding *other inmates* that would suggest the conduct of Miles, Butler and Lt. Hendershott were commonplace.

"'Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of **sufficient duration, frequency and consistency** that the conduct has become a traditional method of carrying out policy.'" *Scalia v. Cty. of Kern*, 493 F. Supp. 3d 890, 901 (E.D. Cal. 2019) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)) (emphasis added); see also *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 842 (D. Minn. 2021) (stating alleged practices must be of a *sufficient duration* (and frequency) to permit notice of unlawful practice constituting unconstitutional custom or policy); *Hurd v. D.C.*, 997 F.3d 332, 338 (D.C. Cir. 2021) ("[A]ctions or 'series of decisions' can only confer liability on the municipality if the custom was so engrained that it amounted to a 'standard operating procedure' of which municipal policymakers must have been aware.").

Plaintiffs have provided insufficient information regarding duration, frequency or consistency of other similar instances to plausibly suggest the existence of an unconstitutional policy or custom at Oklahoma County jail. In Plaintiffs' own words, Plaintiffs allege that the basis of their municipal liability claims rest on the actions of three individuals: "Here, Plaintiffs allege that there is 'affirmative link between the…unconstitutional acts of Officers Miles and Butler and Lt. Hendershott and polices,

5

practices and/or customs which' the Sheriff "promulgated, created, implemented and/or possessed responsibility for." (Doc. 31, p. 8). Even read in the light most favorable to the Plaintiffs, this fails to allege a widespread, permanent, and/or well-settled custom of sufficient duration, frequency, or consistency for purposes of establishing municipal liability.

### IV. PLAINTIFFS' GENERIC ALLEGATIONS OF FAILURE TO ADEQUATELY TRAIN/SUPERVISE FAIL AS A MATTER OF LAW

#### A. DELIBERATE INDIFFERENCE

The Supreme Court stated it is "difficult in one sense even to accept the submission that someone pursues a 'policy' of 'inadequate training,' unless evidence be adduced which proves that the inadequacies resulted from **conscious choice** – that is, proof that the policymakers **deliberately** chose a training program which would prove inadequate." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (emphasis added). Otherwise, such claims would transform §1983 into a vicarious-liability statute. Based on this requisite showing of a conscious choice or "deliberate indifference," a plaintiff must, at a minimum, demonstrate the municipality was deliberately indifferent to a *known* risk of harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). The indifference must be based on a "pattern of **similar constitutional violations** by untrained employees…to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (emphasis added); see also *Simpson v. Little*, 500 F. Supp. 3d 1255, 1268 (N.D. Okla. 2020); *Bryson v. City of Oklahoma City*, 627 F.3d 784, 789-90 (10th Cir. 2010). "This standard usually requires proof that a municipality's employees engaged in a 'pattern of similar

6

constitutional violations' **separate from the conduct that harmed the plaintiff**." *Gambrel v. Knox Cty., Kentucky*, 25 F.4th 391, 408 (6th Cir. 2022) (citing *Connick*, 563 U.S. at 62) (emphasis added).

Not only must Plaintiffs illustrate a pattern of sufficiently *similar* conduct, *separate* from the harms alleged by Plaintiffs, Plaintiffs must also adequately allege that the municipality failed to train its employees in the relevant respect. "Courts therefore reject generic allegations about a failure to train." *Petropoulos v. City of Chicago*, 448 F. Supp. 3d 835, 843 (N.D. Ill. 2020).

Plaintiffs have not shown a pattern of similar constitutional violations as those alleged by Plaintiffs herein. Beyond Plaintiffs' own respective alleged harms, only vague references to *some* ambiguous mistreatment of *unidentified* inmates *at some point in time* are provided, for example:

- "Additional evidence showed…. inmate complaints that detailed [a] history of mistreatment….ranging from retaliation to mishandling of inmate mail."

- "This appeared to have led the Officers continuing to mistreat inmates where at least an additional six (6) inmates were physically victimized."

- "Oklahoma County/OCSO/OCCJA knew, must have known or should have known that, due to the obvious inadequate training and supervision….."

(Doc. 31, p. 9.). How would mishandling of inmate mail give sufficient notice of a training deficiency with respect to what Plaintiffs allege? What is relevant about some unspecified retaliation against unidentified inmates to Plaintiffs' claims? How does unknown mistreatment of unidentified inmates by unknown detention officers indicate a pattern of

7

similar constitutional violations as those alleged by Plaintiffs? To put things simply: it does not.

Without identification of a pattern of similar misconduct by other officers at Oklahoma County jail, Plaintiffs must rely on the "rare 'single-incident' theory of municipal liability to assert a valid failure to train claim. However, such a claim can only exist when "the officer who acted unconstitutionally did so 'pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.'" *Sandberg v. Englewood, Colorado*, 727 F. App'x. 950, 964 (10th Cir. 2018) (unpublished) (citing *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) and *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993)). No such allegations are made here against the Sheriff's Office.

Because Plaintiffs fail to allege a pattern of similar constitutional violations, and fail to allege any single-incident theory, their claims against the Sheriff's Office fail as a matter of law. The conduct in question here simply does not fall within an "'ambiguous gray area []' about which officers would obviously need training to differentiate lawful from unlawful conduct." *Gambrel*, 25 F.4th at 410 (citing *Waller*, 932 F.3d at 1288 (10th Cir. 2019)). Plaintiffs merely allege, in the most general sense, that the training was not good enough. This does not arise to a sufficient allegation that could be considered a deliberate or conscious choice of a training program which would prove inadequate.

### B. CAUSATION

"[T]he path to *Monell* liability based on inaction is steeper because, unlike in a case of affirmative municipal action, a failure to do something could be inadvertent and the

connection between inaction and a resulting injury is more tenuous. For these reasons, '[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, **rigorous standards of culpability and causation must be applied** to ensure that the municipality is not held liable solely for the actions of its employee.'" *J.K.J. v. Polk Cty.*, 960 F.3d 367, 378 (7th Cir. 2020) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405 (1997)) (emphasis added).

In *Gambrel*, *supra*, plaintiff brought failure to train claims based on excessive force used during the course of an arrest. The Sixth Circuit stated: "The deliberate-indifference and causation elements regularly foreclose failure-to-train claims against municipalities **when rogue employees engage in blatant wrongdoing** (say, a sexual assault of an inmate or a gratuitous beating of a detainee)." *Gambrel*, 25 F.4th at 410 (6th Cir. 2022) (citing *Waller*, 932 F.3d at 1285-89 and *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1160 (9th Cir. 2014)). *Assuming arguendo* the allegations made by Plaintiffs are true, courts have held misconduct that is self-evident cannot be serve as the basis for municipal liability:

> They have reasoned that the "inappropriateness" of the employee's wrongdoing was "self-evident," so the municipality could not have found it obvious that it needed to train against the wrongdoing….[T]he employees knew or at least should have known that their conduct was wrongful…[] courts have [] held that a lack of training did not "cause" the conduct and that additional training would not have prevented it.

*Gambrel v. Knox Cty., Kentucky*, 25 F.4th 391, 25 F.4th 391, 411 (citing *Kobrick v. Stevens*, 763 F. App'x 216, 221 (3d Cir. 2019); see also, e.g., *Waller*, 932 F.3d at 1288; *Marsh v. Phelps County*, 902 F.3d 745, 753 (8th Cir. 2018); *Flores*, 758 F.3d at 1160; *Doe v. Magoffin Cnty. Fiscal Ct.*, 174 F. App'x. 962, 970 (6th Cir. 2006)).

Still, Plaintiffs have failed to establish a deficiency that is *closely related* to the ultimate injury. Plaintiffs merely argue that had Miles, Butler, and Lt. Hendershott "been properly supervised and trained concerning use of force, humane detention practices and the constitutional conditions of confinement, it likely [sic] that Plaintiffs would not have suffered injuries of a constitutional dimension." (Doc 32, p. 12). These generic, unspecified allegations are insufficient to properly satisfy the causation element with sufficient specificity to survive dismissal. "Liability cannot rest only on a showing that the employees 'could have been better trained or that additional training was available that would have reduced the overall risk of constitutional injury.'" *Thomas v. Cumberland Cty.*, 749 F.3d 217, 226 (3d Cir. 2014) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1029-30 (3d Cir. 1991)).

WHEREFORE, for the foregoing reasons, Defendant Board of County Commissioners for Oklahoma County and Oklahoma County Sheriff Tommie Johnson, III in his official capacity respectfully requests that this Court enter an order dismissing all of the claims asserted against them in Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

[Signature block on the following page].

Respectfully submitted,

s/ Jeffrey C. Hendrickson
Randall J. Wood, OBA #10531
Robert S. Lafferrandre, OBA #11897
Jeffrey C. Hendrickson, OBA #32798
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Avenue
Oklahoma City, OK 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rwood@piercecouch.com
rlafferrandre@piercecouch.com
jhendrickson@piercecouch.com
***Attorneys for Defendants Oklahoma County Sheriff, Board of County Commissioners for Oklahoma County***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file; the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Daniel E. Smolen | danielsmolen@ssrok.com |
| Robert M. Blakemore | bobblakemore@ssrok.com |
| Bryon D. Helm | bryonhelm@ssrok.com |
| Cameron Spradling | Cameron@CameronSpradling.com |
| Brennan T. Barger | bbarger@gablelaw.com |
| Lance B. Phillips | lancebp2000@yahoo.com |
| W.R. Moon | wrm@czw.com |
| Chris J. Collins | cjc@czw.com |
| Wellon B. Poe | wbp@czw.com |

s/ Jeffrey C. Hendrickson

Jeffrey C. Hendrickson

12