IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) JA'LEE FOREMAN, JR., )
(2) DANIEL HEDRICK, )
(3) JOSEPH MITCHELL, and )
(4) JOHN BASCO, )
  )
       Plaintiff, )
  )
vs. ) Case No. CIV-21-1062-F
  )
(1) OKLAHOMA COUNTY SHERIFF, )
(2) OKLAHOMA COUNTY CRIMINAL )
    JUSTICE AUTHORITY, ) JURY TRIAL DEMANDED
(3) BOARD OF COUNTY )
    COMMISSIONERS, FOR )
    OKLAHOMA COUNTY, )
(4) CHRISTIAN CHARLES MILES, )
(5) GREGORY CORNELL BUTLER, JR., )
  )
       Defendants. )

**DEFENDANTS MILES AND BUTLER JR.'S
PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Christian Miles and Gregory Butler, Jr. ("Defendants"), by and through counsel of record and pursuant to Fed. R. Civ. P. 12(b)(6), submit this Partial Motion to Dismiss[1] requesting dismissal of certain of Plaintiffs' claims against them in Plaintiffs' Complaint (Dkt. 1) for failure to state a claim upon which relief can be granted. The

---

[1] The filing of a partial motion to dismiss extends the time for answering the remaining legal claims until after resolution of the motion. *See Hernandez v. Board of County Commissioners of Grant, New Mexico*, No. CIV 05-0397 DJS/LFG, 2005 WL 8163603 (D.N.M. Aug. 31, 2005) (unpub); *Board of County Commissioners of the County of La Plata, Colorado v. Brown Group Retail, Inc.*, No. 08-cv-00855-LTB-KMT, 2008 WL 4527736 (D. Colo. Oct. 3, 2008) (unpub). Copies of these unpublished Orders are attached as Exhibits 1 and 2.

reasons in support of this Partial Motion to Dismiss are set forth in the accompanying Brief in Support.

## BRIEF IN SUPPORT

### STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's *well-pled* factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id*. at 1966. It is the plaintiff's duty to furnish factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id*.

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly,* 127 S.Ct. at 1964-65).

"The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a FRCP 12(b)(6) Motion to Dismiss." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009), *citing Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The *Hall* court also found that the complaint does not need detailed factual allegations, but the factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hall* at 863, *citing Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In *Iqbal*, the court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal* at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id.* at 1950. *See also* Fed. R. Civ. P. 8(a)(2). Also, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal* at 1949-50. Rather, a plaintiff must allege enough factual matter that, taken as true, suggest the legal conclusion plaintiff asserts. *Id.* at 1950 (citing *Twombly*, 550 U.S. at 570 (because the well-pleaded fact of conduct, accepted as true, did not plausibly suggest an unlawful agreement, the complaint must be dismissed)). While the pleading standard of

Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

## PROPOSITION I:

### Plaintiffs Have Failed to State a Facially Plausible 42 U.S.C. § 1983 Claim for Violation of Their Eighth Amendment Rights

Plaintiffs assert 42 U.S.C. § 1983 claims against the Defendants for alleged violations of Plaintiffs' rights under "the Fourth, Fourteenth and/or Eighth Amendment(s) to the United States Constitution…" (Dkt. 1, ¶¶ 10-11). However, to the extent that they have alleged violations of their rights under the Fourth and Eighth Amendments, Plaintiffs have failed to state a § 1983 claim which is plausible on its face.

At all times pertinent to this suit, Plaintiffs were pre-trial detainees. (Dkt. 1, ¶¶ 15, 28, 39, 49). Consequently, Plaintiffs' § 1983 excessive force claims against the Defendants arise under the Due Process Clause of the Fourteenth Amendment, not the Fourth or Eighth Amendments. *See*, *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).[2] Likewise, Plaintiffs' § 1983 conditions of confinement claims against the Defendant also arise under the Due Process Clause of the Fourteenth Amendment, not the Fourth or Eighth Amendments. *See*, *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Accordingly, Plaintiffs have failed to state any claim for violation of their rights under the Fourth or Eighth Amendments which is

---

[2]While pre-trial detainees' excessive force claims are analyzed under the same "objective reasonableness" standard as the Fourth Amendment, such claims arise under the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment. *Kingsley*, *supra*.

plausible on its face, and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, premises considered, Defendants Christian Miles and Gregory Butler, Jr. respectfully request the Court to grant this Motion and to dismiss Plaintiffs' 42 U.S.C. § 1983 Fourth and Eighth Amendment claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

s/ W.R. Moon, Jr.
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
W.R. Moon, Jr., OBA NO. 32079
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: cjc@czwlaw.com
       wbp@czwlaw.com;
       wrm@czwlaw.com

*Attorneys for Defendants*
*Christian Charles Miles and*
*Gregory Cornell Butler, Jr.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 17, 2023, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen
Robert M. Blakemore
Bryon D. Helm
Smolen & Roytman
701 Cincinnati Ave.
Tulsa, Oklahoma 74119
Email: danielsmolen@ssrok.com
bobblakemore@ssrok.com; bryonhelm@ssrok.com

      -and-

Cameron Spradling
500 North Walker Ave., Suite 140
Oklahoma City, Oklahoma 73102
Email: Cameron@CameronSpradling.com
***Attorneys for Plaintiff***

Randall J. Wood
Robert S. Lafferrandre
Jeffrey C. Hendrickson
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Email: rlafferrandre@piercecouch.com
rwood@piercecouch.com; jhendrickson@piercecouch.com
***Attorneys for Defendants Oklahoma County Sheriff and***
***Board of County Commissioners for Oklahoma County***

Lance B. Phillips
7 Mickey Mantel Dr., Suite 377
Oklahoma City, Oklahoma 73104
Email: lancebp2000@yahoo.com
***Attorney for Defendant Gregory Cornell Butler, Jr.***

                                            s/ W.R. Moon, Jr.
                                            W.R. Moon, Jr.