Case 5:21-cv-01062-F   Document 41-1   Filed 05/17/23   Page 1 of 3

Hernandez v. Board of County Commissioners County of..., Not Reported in Fed....

2005 WL 8163603
Only the Westlaw citation is currently available.
United States District Court, D. New Mexico.

Sandra HERNANDEZ, Desiree Reyes, Leticia Rodriguez, and Liz Villalba, Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS COUNTY OF GRANT,
NEW MEXICO, Louis Tavizon, and Steve Reese, Defendants.

No. CIV 05-0397 DJS/LFG
|
Filed 08/31/2005

**Attorneys and Law Firms**

Mark D. Jarmie, Jarmie & Associates, Albuquerque, NM, for Plaintiffs.

Mark A. Basham, Basham & Basham PC, Santa Fe, NM, Robert W. Becker, Stephen G. French, French & Associates, PC, Jonlyn M. Martinez, William D. Slease, Slease & Martinez, P.A., Albuquerque, NM, for Defendants.

MEMORANDUM OPINION AND ORDER

DON J. SVET, UNITED STATES MAGISTRATE JUDGE

*1 **THIS MATTER** is before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Defendant Tavizon **[Doc. No. 25]**, filed August 2, 2005. Plaintiffs move the Court for entry of a default judgment against Defendant Tavizon pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs claim Defendant Tavizon "has failed to plead or otherwise properly defend as provided by the Federal Rules of Civil Procedure." Mot. for Entry of Default J. at 2. Specifically, Plaintiffs contend Defendant Tavizon has not answered the counts of the First Amended Complaint "for which he has not filed a Rule12 motion" and therefore they seek a default judgment as to these counts.

Plaintiffs frame the issue as "whether a defendant must answer certain counts contained in a complaint within 20 days after service of the complaint, even though the remaining counts of the complaint are the subject of pending Rule 12 motions...." Mem. in Support of Mot. for Entry of Default J. at 4. Plaintiffs rely on *Gerlach v. Michigan Bell Telephone Co.*, 448 F.Supp. 1168 (E.D. Mich. 1978) for their position that because Defendant Tavizon filed a Rule 12(b)(6) motion to dismiss and a 12(e) motion for a more definitive statement and those motions addressed only some of the claims contained in a Plaintiffs' First Amended Complaint, then Defendant Tavizon must file an answer as to those claims not addressed by the Rule 12 motions.

In *Gerlach*, defendants filed a motion to dismiss counts three through six of the plaintiff's complaint. Defendants' motion did not address the first two counts of plaintiff's complaint. The court held that a partial motion to dismiss did not alter the time limits of Rule 12(a)(1)(A) with respect to the claims not addressed in the defendant's motion. *Gerlach*, 448 F.Supp. at 1174. Rule 12(a)(1)(A) requires that a defendant file an answer within 20 days after a complaint has been served. The court reasoned that separate counts are independent bases for lawsuits and thus defendants were required to proceed with litigation on those counts which they did not challenge in their 12(b) motion. *Id.*

The initial effect of a motion under Rule 12(b) is to extend the time within which an actual "responsive pleading" must be filed. Thus, a motion to dismiss functions as a tolling mechanism that extends the time within which an answer must be filed. As

EXHIBIT 1

Case 5:21-cv-01062-F   Document 41-1   Filed 05/17/23   Page 2 of 3

Hernandez v. Board of County Commissioners County of..., Not Reported in Fed....

previously noted, Rule 12(a)(1)(A) requires that a defendant file an answer within 20 days after a complaint has been served. However, Rule 12(a) does not speak to what is required in the common situation of a partial motion to dismiss under Rule 12(b). In this case, Defendant Tavizon filed a partial motion to dismiss and a motion for a more definitive statement as to Count VI of Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) and 12(e), respectively. Rule 12(b) states in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall be asserted in the responsive pleading* thereto if one is required, except that *the following defenses may at the option of the pleader be made by motion* ... (6) failure to state a claim upon which relief can be granted.... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

 *2 Fed.R.Civ.P. 12(b)(emphasis added). Rule 12(e) states in pertinent part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party *may move* for a more definitive statement *before interposing a responsive pleading*." Fed.R.Civ.P. 12(e)(emphasis added). In this case, Defendant Tavizon opted to file motions pursuant to Rule 12 rather than filing an Answer to Plaintiffs' First Amended Complaint.

The majority of courts that have addressed this question have held that a partial motion to dismiss, i.e., a Rule 12(b) motion addressing fewer than all of the plaintiff's claims, extends the time for answering all claims. *See Baker v. Universal Die Casting, Inc.*, 725 F.Supp. 416 (W.D. Ark. 1989)("[F]iling of any motion to dismiss based upon the defenses listed in Rule 12(b)(1), (6) results in the responsive pleadings not becoming due until ten days after notice of the court's action."); *Brocksopp Engineering, Inc. v. Back-Simpson LTD*, 136 F.R.D. 485 (E.D. Wis. 1991)("I decline to adopt the *Gerlach* court's interpretation of Rule 12(a). By my reading of the rule's language, a partial 12(b) motion enlarges the time to file an answer."); *Ricciuti v. New York City Transit Auth.*, 1991 WL 221110 (S.D.N.Y. 1991)("I decline to follow *Gerlach*. Were it necessary to serve an answer in piecemeal fashion, as *Gerlach* suggests, a procedural thicket would emerge."); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463 (E.D. Pa. 1994)(same); *Schwartz v. Berry College*, 1997 WL 579166 (N.D. Ga. 1997)("Significant case law and one of the most authoritative treatises on Federal Practice and Procedure supports Defendants' position that, when a defendant files a Rule 12(b)(6) motion to dismiss, addressing only some of the claims contained in the plaintiff's complaint, the defendant is not required to file an answer until the court rules on the motion to dismiss."); *Finnegan v. University of Rochester Medical Center,* 180 F.R.D. 247 (W.D.N.Y. 1998)("[T]he weight of the case authority (which is not extensive) holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571 (E.D. Va. 2002)("The *Gerlach* court's resolution of the issue under the minority approach is, in this court's opinion, unnecessarily formalistic at the expense of sound policy and judicial economy."). *See also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2002)("[T]he weight of the limited authority on this point is to the effect that the filing of a [Rule 12(b) ] motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. Courts following this majority rule have noted that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency.").

The Court finds that the majority view is better reasoned and will not adopt the position taken by the court in *Gerlach*. Accordingly, Plaintiffs' Motion for Entry of Default Judgment Against Defendant Tavizon is denied.

 *3 NOW, THEREFORE,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment Against Defendant Tavizon is DENIED.

**All Citations**

Not Reported in Fed. Supp., 2005 WL 8163603

**EXHIBIT 1**

Case 5:21-cv-01062-F   Document 41-1   Filed 05/17/23   Page 3 of 3

Hernandez v. Board of County Commissioners County of..., Not Reported in Fed....

**End of Document**                                   © 2021 Thomson Reuters. No claim to original U.S. Government Works.

**EXHIBIT 1**