**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JA'LEE FOREMAN, JR., *et al.,* | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ).   CASE NO.: CIV-21-1062-F |
| | ) |
| CHRISTIAN CHARLES MILES, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS
MILES AND BUTLER, JR.'S PARTIAL MOTION TO DISMISS**

**COME NOW**, the Plaintiffs, Ja'Lee Foreman, Jr., Daniel Hedrick, Joseph "Joey" Mitchell and John Basco (collectively, "Plaintiffs"), and respectfully submit their Response in Opposition to Defendants Christian Miles and Gregory Butler, Jr.'s ("Defendants") *Partial* Motion to Dismiss (Dkt. #41), as follows:

1.      Through their *Partial* Motion to Dismiss, Defendants seek dispositive relief to the extent Plaintiffs has asserted any claims under the Fourth and Eighth Amendments to the United States Constitution.

2.       Defendants do not ask for dismissal of Plaintiffs' claims against them under the Fourteenth Amendment.

3.      The Complaint does contain language asserting that this Court has subject matter jurisdiction "pursuant to 28 U.S.C § 1343 to secure protection of and to redress deprivations of rights secured by the Fourth, Fourteenth **and/or** Eighth Amendment(s) to the United States Constitution as enforced by 42 U.S.C. § 1983" and "under 28 U.S.C. §

1

1331 to resolve a controversy arising under the Constitution and laws of the United States, particularly the Fourth, Fourteenth **and/or** Eighth Amendment(s) to the United States Constitution and 42 U.S.C. § 1983…." Dkt. #1 at ¶¶ 10-11 (emphasis added).

4.      In the substantive portions of the Complaint, as noted by Defendants, Plaintiffs allege that they were "pretrial detainees" during the pertinent timeframe and that their claims arise under the Fourteenth Amendment. *See, e.g.,* Dkt. #1 at ¶¶ 76 and 89.

5.      Plaintiffs have invoked subject matter jurisdiction with respect the Fourth and/or Eighth Amendment out of an abundance of caution. That is, should discovery reveal that any of the Plaintiffs' status was that of arrestee or convicted prisoner at the time of the alleged conduct, Plaintiffs do not wish to waive jurisdiction under those provisions.

6.      However, because Plaintiffs' claims are asserted under the Fourteenth Amendment, there is nothing to "dismiss". Furthermore, even if Plaintiffs had brought causes of action under the Fourth or Eighth Amendment, dismissal of any such claims would be premature at this early juncture in the case.

WHEREFORE, premises considered, Plaintiffs respectfully request that this Court deny Defendants' *Partial* Motion to Dismiss (Dkt. #41).

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701 South Cincinnati Ave.
Tulsa, Oklahoma 74119

2

P: (918) 585-2667
F: (918) 585-2669

-and-

CAMERON SPRADLING, OBA #8509
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com


*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.


/s/Robert M. Blakemore