# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JA'LEE FOREMAN, JR., DANIEL HEDRICK, JOSEPH MITCHELL, and JOHN BASCO, )<br><br>Plaintiffs, )<br><br>-vs- )<br><br>OKLAHOMA COUNTY SHERIFF, OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, CHRISTIAN CHARLES MILES, and GREGORY CORNELL BUTLER, JR., )<br><br>Defendants. ) | Case No. CIV-21-1062-F |

## ORDER

Defendants Christian Charles Miles and Gregory Cornell Butler, Jr. have moved for partial dismissal of plaintiffs' claims under Rule 12(b)(6), Fed. R. Civ. P. Doc. no. 41. Plaintiffs have responded, opposing dismissal. Doc. no. 42. Defendants have replied. Doc. no. 43. The matter is at issue.

Defendants seek to dismiss plaintiffs' 42 U.S.C. § 1983 claims to the extent they allege violations of the Fourth and Eighth Amendments to the United States Constitution. Plaintiffs' claims, defendants assert, arise under the Fourteenth Amendment rather than under the Fourth and Eighth Amendments because of their status as pretrial detainees at the time of the alleged misconduct.

Plaintiffs acknowledge they allege they were pretrial detainees during the pertinent timeframe but assert they have invoked the Fourth and Eighth Amendments out of an abundance of caution.  Plaintiffs assert that should discovery reveal that any of them were an arrestee (for Fourth Amendment purposes) or a convicted prisoner (for Eighth Amendment purposes) during the pertinent timeframe, they do not wish to waive jurisdiction under those amendments.  Plaintiffs maintain that dismissal of any claim under the Fourth and Eighth Amendments would be premature at this early juncture.

In reply, defendants point out that plaintiffs do not respond to the legal argument that as pretrial detainees, their claims arise under the Fourteenth Amendment.  Defendants assert that plaintiffs' concern about waiving jurisdiction for any potential Fourth or Eighth Amendment claim is baseless because they can seek leave to amend the complaint should discovery indicate the status of a plaintiff as an arrestee or a convicted prisoner at the time pertinent to the claims.  Such amendment, defendants maintain, would relate back to the filing of the original complaint.

Upon review, the court concurs with defendant's arguments.  The complaint alleges the plaintiffs were pretrial detainees at "all pertinent times."  Doc. no. 1, ¶¶ 15, 28, 39, 49, and 76.  As such, their § 1983 claims arise under the Fourteenth Amendment rather than the Fourth and Eighth Amendments.  *See*, Rowell v. Board of County Commissioners of Muskogee County, Oklahoma, 978 F.3d 1165, 1171 (10th Cir. 2020); Colbruno v. Kessler, 928 F.3d 1155, 1162 (10th Cir. 2019).  Should discovery reveal that a plaintiff's status was something other than a pretrial detainee at the time of the alleged misconduct, plaintiffs may file a motion seeking leave to amend their complaint to assert the applicable Fourth or Eighth Amendment claim.

Accordingly, Defendants Miles and Butler Jr.'s Partial Motion to Dismiss (doc. no. 41) is **GRANTED**.  Plaintiffs' 42 U.S.C. § 1983 claims to the extent they

are based on the Fourth and Eighth Amendments are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6), Fed. R. Civ. P.  Defendants shall file their answers to the remaining Fourteenth Amendment claims in plaintiffs' complaint within 14 days of the date of this order.

DATED this 27th day of June, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1062p013.docx

3