IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) JA'LEE FOREMAN, JR., )
(2) DANIEL HEDRICK, )
(3) JOSEPH MITCHELL, and )
(4) JOHN BASCO, )
                                   Plaintiff, )
)
vs. )    Case No. CIV-21-1062-F
)
(1) OKLAHOMA COUNTY SHERIFF, )    JURY TRIAL DEMANDED
(2) OKLAHOMA COUNTY CRIMINAL )
    JUSTICE AUTHORITY, )
(3) BOARD OF COUNTY )
    COMMISSIONERS, FOR )
    OKLAHOMA COUNTY, )
(4) CHRISTIAN CHARLES MILES, )
(5) GREGORY CORNELL BUTLER, JR., )
)
                                   Defendants. )

**DEFENDANT GREGORY BUTLER'S
ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant, Gregory Butler ("Defendant Butler" or "Defendant"), for his Answer to the Plaintiffs' Complaint and hereby submits this Answer.

Any of Plaintiffs' assertions or allegations not specifically admitted, denied or otherwise addressed in this Answer are denied by the Defendant and strict proof thereof is demanded.[1]

---

[1] The denials of Plaintiffs' factual assertions herein are based upon the best information available to the undersigned at the time of filing and are reasonably based on belief or lack of information.

## PARTIES

1. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 1 of Plaintiffs' Complaint, as such they are denied.

2. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 2 of Plaintiffs' Complaint, as such they are denied.

3. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 3 of Plaintiffs' Complaint, as such they are denied.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 4 of Plaintiffs' Complaint, as such they are denied.

5. Defendant objects to ¶ 5 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Defendant admits that Plaintiffs are attempting to bring a claim against the Oklahoma County Sheriff, in his official capacity. Defendant denies that Plaintiffs have stated a claim for relief against said defendant. The remainder of ¶ 5 consists of either legal conclusions which require no response or factual assertions to which Defendant is without sufficient knowledge to admit or deny.

6. Defendant objects to ¶ 6 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Defendant admits that Plaintiffs are attempting to bring a claim against the Oklahoma County Criminal Justice Authority (OCCJA). Defendant denies that Plaintiffs have stated a claim for relief against said defendant. The remainder of ¶ 6 consists of either legal conclusions which require no response or factual assertions to which Defendant is without sufficient knowledge to admit or deny.

7. ¶ 7 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

8. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 8 of Plaintiffs' Complaint, as such they are denied.

9. Defendant objects to ¶ 9 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Subject to and without waiving this objection, admitted.

## JURISDICTION AND VENUE

10. Defendant admits that Plaintiffs are attempting to assert legal claims based on the alleged violation of their rights under the Fourth, Fourteenth, and/or Eighth Amendments to the United States Constitution. However, Defendant denies Plaintiffs have stated a claim for which relief may be granted.

11. ¶ 11 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

12. Defendant admits that the Oklahoma County Detention Center is located in Oklahoma County, which is within the Western District for the State of Oklahoma.

## FACTUAL BACKGROUND

- **Individual Plaintiffs**

### Ja'Lee Foreman

13. Paragraph 13 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-13 above.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 14 of Plaintiffs' Complaint, as such they are denied.

15. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 15 of Plaintiffs' Complaint, as such they are denied.

16. Defendant objects to ¶ 16 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 16 of Plaintiffs' Complaint, as such they are denied.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 17 of Plaintiffs' Complaint, as such they are denied.

18. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 18 of Plaintiffs' Complaint, as such they are denied.

19. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 19 of Plaintiffs' Complaint, as such they are denied.

20. Denied.

21. Defendant admits Defendant Christian Miles ("Miles") handcuffed Plaintiff Ja'Lee Foreman ("Foreman") and he was removed from his cell. The remaining allegations in ¶ 21 are denied.

22. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 22 of Plaintiffs' Complaint, as such they are denied.

23. Defendant objects to ¶ 23 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Subject to and without waiving this objection, the allegations in ¶ 23 of Plaintiffs' Complaint are denied.

24. Defendant admits Foreman was returned to his cell. The remaining allegations in ¶ 24 are denied.

25. Denied.

**Daniel Hedrick**

26. Paragraph 26 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-25 above.

27. Admitted.

28. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 28 of Plaintiffs' Complaint, as such they are denied.

29. Denied.

30. Denied

31. Denied

32. Denied as phrased.

33. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 33 of Plaintiffs' Complaint, as such they are denied.

34. Denied.

35. Denied.

36. Denied.

**Joey Mitchell**

37.     Paragraph 37 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-36 above.

38.     Admitted.

39.     Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 39 of Plaintiffs' Complaint, as such they are denied.

40.     Defendant admits that Plaintiff Joey Mitchell ("Mitchell") was removed from his cell. The remaining allegations in ¶ 40 are denied as phrased.

41.     Defendant admits that Plaintiff Joey Mitchell ("Mitchell") was handcuffed after he was removed from his cell. The remaining allegations in ¶ 41 are denied.

42.     Defendant objects to ¶ 42 of Plaintiffs' Complaint because it violates Fed. R. Civ. P. 10(b). Subject to and without waiving this objection, the allegations in ¶ 42 of Plaintiffs' Complaint are denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

**John Basco**

47.     Paragraph 47 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-46 above.

48. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 48 of Plaintiffs' Complaint, as such they are denied.

49. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 49 of Plaintiffs' Complaint, as such they are denied.

50. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 50 of Plaintiffs' Complaint, as such they are denied.

51. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 51 of Plaintiffs' Complaint, as such they are denied.

52. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 52 of Plaintiffs' Complaint, as such they are denied.

53. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 53 of Plaintiffs' Complaint, as such they are denied.

54. Denied.

55. Denied.

- **The Cruelty of Officers Miles and Butler's Practices and the County's Knowledge Thereof**

56. Paragraph 56 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-55 above.

57. Defendant admits that the New York Times reported that the City of West Palm Beach utilized the song baby shark to deter the homeless outside an event center. The remaining allegations of ¶ 57 are denied.

58. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 58 of Plaintiffs' Complaint, as such they are denied.

59. Denied.

60. Defendant is without sufficient knowledge to admit or deny the allegations contained in ¶ 60 of Plaintiffs' Complaint, as such they are denied.

61. Denied as phrased.

62. Denied as phrased.

63. Defendant is without sufficient knowledge to admit or deny the allegations regarding the statements of District Attorney David Prater contained in ¶ 63 of Plaintiffs' Complaint, as such they are denied. Defendant specifically denies the assertion that he had any "long history of mistreatment of inmates."

64. Denied.

- **Longstanding Policies and Customs**

65. Paragraph 65 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-64 above.

66. The allegations contained in Paragraph 66 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

67. The allegations contained in Paragraph 67 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

68. The allegations contained in Paragraph 68 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

69. The allegations contained in Paragraph 69 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

70. The allegations contained in Paragraph 70 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

71. The allegations contained in Paragraph 71 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

72. The allegations contained in Paragraph 72 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

73. The allegations contained in Paragraph 73 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

74. The allegations contained in Paragraph 74 do not appear to be directed at this Defendant. To the extent they require a response, they are denied.

## CAUSES OF ACTION

### EXCESSIVE USE OF FORCE

**(Fourteenth Amendment; 42 U.S.C. § 1983)**

- **Individual Liability and Underlying Violations[2]**

75. Paragraph 75 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-74 above.

---

[2] The Court has dismissed Plaintiffs' Fourth and Eighth Amendment claims, leaving at issue only Plaintiffs' Fourteenth Amendment claims. (Dkt. 44).

76. ¶ 76 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

77. ¶ 77 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

78. ¶ 78 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

79. Denied.

80. Denied.

- **Official Capacity / Municipal Liability**

81. Paragraph 81 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-80 above.

82. ¶ 82 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

83. ¶ 83 of Plaintiffs' Complaint contains no factual allegations, to the extent a response is required Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 56-74 above.

84. ¶ 84 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

85. ¶ 85 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

86. Denied.

## UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

## (Fourteenth Eighth Amendment; 42 U.S.C. § 1983)

- **Individual Liability and Underlying Violations**

87. Paragraph 87 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-86 above.

88. Denied.

89. ¶ 89 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

90. Denied.

- **Official Capacity / Municipal Liability**

91. Paragraph 91 of Plaintiffs' Complaint contains no factual allegations and requires no response by Defendant. To the extent a response is required, Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 1-90 above.

92. ¶ 92 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

93. ¶ 93 of Plaintiffs' Complaint contains no factual allegations, to the extent a response is required Defendant hereby adopts and incorporates his responses to Plaintiffs' allegations as set forth in ¶¶ 56-74 above.

94. ¶ 94 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

95.     ¶ 95 of Plaintiffs' Complaint consists only of legal conclusions which require no response.

96.     Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief as requested in the unnumbered "WHEREFORE" paragraph of Plaintiffs' Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Gregory Butler having answered the Plaintiffs' Complaint set forth above sets forth the following Affirmative Defenses:

1.     Plaintiffs have failed to state a claim upon which relief may be granted.

2.     Plaintiffs have failed to state a claim for any Fourteenth Amendment violation.

3.     The alleged actions of Defendant Butler did not violate any clearly established law.

4.     This Defendant is entitled to qualified immunity.

5.     This Defendant did not act with deliberate indifference.

6.     Plaintiffs have failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Defendant.

7.     This Defendant has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially

adopted by Defendant or found in a pattern of persistent practices known to and approved by Defendant.

8. To the extent Plaintiffs are asserting claims against this Defendant in his official capacity, this Defendant denies he has any official capacity.

9. Plaintiffs' alleged injuries/damages, if any, were the result of the actions or inactions of a third party over whom this Defendant had no authority or control, or were caused by Plaintiff.

10. Defendant had no personal participation in any of the allegations set forth by Plaintiffs in this matter.

11. Plaintiffs may have failed to their mitigate damages.

12. Plaintiffs have set forth no facts sufficient to substantiate an instruction for punitive damages at trial in this matter and any claim for such is improper under the law.

13. An award of punitive damages against this Defendant would violate his state and federal constitutional rights.

14. This Defendant's actions in this matter were reasonable and appropriate and in full compliance with his duties.

15. To the extent that any of the Plaintiffs' damages may be construed under state law, Plaintiffs' damages are limited and capped per Oklahoma statutes.

16. Defendant is entitled to settlement credit or an offset regarding any settlement with any other party in this case pursuant to 12 O.S. § 832(H) and/or Federal common law.

17. Defendant's actions or omission were not a moving force of any constitutional violation and injury.

18. Defendant cannot be held liable for any state or federal constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of respondeat superior or vicarious liability.

19. Defendant reserves the right to add additional defenses as discovery progresses.

Respectfully submitted,

s/ W.R. Moon Jr.
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
W.R. Moon, Jr., OBA NO. 32079
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: cjc@czwlaw.com
wbp@czwlaw.com; wrm@czwlaw.com

***Attorneys for Defendants***
***Christian Charles Miles and***
***Gregory Cornell Butler, Jr.***

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Daniel E. Smolen
Robert M. Blakemore
Bryon D. Helm
Smolen & Roytman

701 Cincinnati Ave.
Tulsa, Oklahoma 74119
Email: danielsmolen@ssrok.com
bobblakemore@ssrok.com; bryonhelm@ssrok.com

    -and-

Cameron Spradling
500 North Walker Ave., Suite 140
Oklahoma City, Oklahoma 73102
Email: Cameron@CameronSpradling.com
***Attorneys for Plaintiffs***

Randall J. Wood
Robert S. Lafferrandre
Jeffrey C. Hendrickson
Pierce Couch Hendrickson
Baysinger & Green, L.L.P.
1109 N. Francis Ave.
Oklahoma City, Oklahoma 73106
Email: rlafferrandre@piercecouch.com
rwood@piercecouch.com; jhendrickson@piercecouch.com
***Attorneys for Defendants Oklahoma County Sheriff and***
***Board of County Commissioners for Oklahoma County***

Lance B. Phillips
7 Mickey Mantel Dr., Suite 377
Oklahoma City, Oklahoma 73104
Email: lancebp2000@yahoo.com
***Attorney for Defendant Gregory Cornell Butler, Jr.***

                          s/ W.R. Moon Jr.
                          W.R. Moon Jr.